USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/11/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | **PROTECTIVE ORDER** |
| v. | No. 23 Cr. 303 (VM) |
| WILSON BASTON, | |
| *Defendant.* | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendant having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

### Categories

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. §3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would risk prejudicial pretrial publicity if publicly disseminated; (iii) may be produced with more limited redactions than would otherwise be necessary; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," may contain personal identifying information, personal financial information, personal communications, or information that may reveal trade secrets or other information that may cause financial loss or other harm to a business entity.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

**<u>Disclosure and Treatment</u>**

1. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site such as Facebook or Twitter, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

2. Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court.

3. Sealed Material is subject to the following provisions:

   a. Sealed Material may be disclosed by the defense only to:

      i. Investigative, secretarial, clerical, or paralegal personnel employed full time or part time by the defense;

      ii. Any expert, advisor, or any other individual retained or employed by the defense for the purpose of assisting in the defense of this case; and

      iii. Such other persons as hereafter may be authorized by Order of the Court.

   b. Sealed Material may be shown to, but not disseminated to or provided copies of to, prospective witnesses and their counsel, for purposes of defending this action.

4. Copies of Disclosure Material or other materials produced by the Government in this action bearing "Sealed" or "Sealed Material" stamps or otherwise designated as "Sealed" or "Sealed Material," including such materials marked as such either on the documents or materials

themselves, or designated as "Sealed" or "Sealed Material" in a cover letter, index, folder title, or other identifying designation, are deemed "Sealed Material."

## Other Provisions

5. This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action, but shall not be disclosed or used in any form in any other civil litigation, arbitration, or other private or alternative dispute resolution, except for pending parallel actions against the defendant before the Securities and Exchange Commission. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions referencing sealing of certain Disclosure Material.

6. The Government's designation of material will be controlling absent contrary order of the Court. However, the Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

7. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order and must agree to be subject to the terms of this Order to receive or review Disclosure Material as described above. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

8. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, from cell phone and electronic accounts. To the extent that ESI was seized from multiple defendants, upon consent of all counsel, the Government is authorized to disclose to defense counsel the entirety of such seized ESI, which shall be deemed Sealed Material unless otherwise designated.

9. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

10. This order applies to any copies or reproductions of ESI or other Disclosure Material that originally belonged to the defendant and have been produced to him by the Government

[THIS PORTION INTENTIONALLY LEFT BLANK]

pursuant to its obligations, but does not restrict the defendant's use of any materials in the defendant's possession independent of the Government's productions.

### Retention of Jurisdiction

11. The provisions of this Protective Order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Protective Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date:   July 5, 2023
Alex Rossmiller
Assistant United States Attorney


      /s/ Michael Arthus                                 Date:   July 7, 2023
Michael Arthus, Esq.
Counsel for Wilson Baston


SO ORDERED:

Dated:  July 11, 2023
        New York, New York

_____
THE HONORABLE VICTOR MARRERO
UNITED STATES DISTRICT JUDGE